# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| GEORGE B. SHAW, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civ. No. 18-1766-LPS |
| CONNECTIONS, et al., | : |
| Defendants. | : |

George B. Shaw, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

September 26, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff George B. Shaw ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) He requests counsel. (D.I. 4) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff has a history of suicide attempts and being placed on psychiatric close observation ("PCO"). The Complaint contains a timeline of events from November 24, 2016 through July 2, 2018 and provides a description of Plaintiff's interactions with medical personnel and Delaware Department of Correction ("DOC") personnel. The Complaint refers to multiple suicide attempts by Plaintiff, several trips to the hospital, transfers to and from PCO and other tiers, and the administration of medication. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement

Plaintiff lists several parties. The Complaint, however, contains no factual allegations directed towards Connections and Kristopher T. Starr. Therefore, they will be dismissed as Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

4

## B. Deficient Pleading

Plaintiff alleges that after he was placed on PCO status on June 28, 2018, he was told by officers that Defendant Randall Dotson ("Dotson") was not allowing inmates on PCO status to brush their teeth. (D.I. 2 at ¶ 70) The allegation does not rise to the level of a constitutional violation.

Plaintiff alleges that while he was on PCO status on July 4, 2019, he and Defendant Kevin Larich ("Larich") had an exchange, because Plaintiff was laughing after an inmate had flooded the tier, and Larich said to Plaintiff, "you think it's funny?" (*Id.* at ¶¶ 77, 78) On the same date, Larich told Defendant Nurse Wendy Rogers ("Rogers")[2] that Plaintiff was banging his door and was suicidal. (*Id.* at ¶ 79) Larich then asked Plaintiff if he would cuff up and let the nurse give Plaintiff an injection. (*Id.* at 80) In an attempt to avoid the injection, Plaintiff swallowed a spork. (*Id.* at 81) Rogers gave Plaintiff an injection of Haldol and Benadryl; Plaintiff was then examined by medical and taken to the hospital. (*Id.* at ¶¶ 82-84) Plaintiff alleges that Larich and Wendy were vindictive and used medication as a weapon because, according to him, he was not suicidal, homicidal, or violent. (*Id.* at 85) The allegations against Larich do not rise to the level of a constitutional violation as the exchange of words between Plaintiff and Larich was not violative of the Constitution and Larich did not administer the injection complained of by Plaintiff.

Therefore, Dotson and Larich will be dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

---

[2] Plaintiff will be allowed to proceed with his forced administration of medication claims against Rogers and Defendant Kathy Potter ("Potter"). *See e.g., Washington v. Harper*, 494 U.S. 210, 221 (1990) (noting significant liberty interest in avoiding unwanted administration of anti-psychotic drugs).

5

### C. Failure to Prevent Suicide Attempts

The remaining allegations concern Plaintiff's warning to staff of self-harm and his history of suicide attempts despite those warnings. A plaintiff in a prison suicide case bears the burden of establishing: "(1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability." *Hinton v. Mark*, 544 F. App'x 75, 77 (3d Cir. Nov. 13, 2013) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991), and *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 669 (3d Cir. 1988)).

Liberally construing the allegations, as the Court must, Plaintiff has raised what appear to be cognizable claims against Defendants Paola A. Munoz, Stephanie Evans-Mitchell, Michelle Marcantuno, Maina Onesmas, Roland Wiley, and Erik Lowery. Plaintiff will be allowed to proceed against these Defendants.

### V. REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is unable to afford counsel, the issues are complex, he is seriously mentally ill, he is housed in segregation and has limited law library access, he has limited knowledge of the law, and the case requires and relies upon medical files. (D.I. 4) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155; *see also See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

6

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. The case is not so factually or legally complex that requesting an attorney is warranted. The Court is aware that in other cases Plaintiff has been provided counsel. However, to date, he has shown the ability to represent himself in this case. Indeed, several of his claims are proceeding to service. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 4) Should the need for counsel arise later, one can be sought at that time.

## VI.  CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for counsel without prejudice to renew (D.I. 4); (2) dismiss the claims against Defendants Connections, Kristopher T. Starr, Randall Dotson, and Kevin Larich as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (3) allow Plaintiff to proceed against Defendants Paola A. Munoz, Stephanie Evans-Mitchell, Michelle Marcantuno, Maina Onesmas, Roland Wiley, Wendy Roger, Kathy Potter and Erik Lowery.

An appropriate order will be entered.